UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACK DUANE HALL,

        Petitioner,

v.                                                      Case Number 07-10279-BC
                                                      Honorable Thomas L. Ludington

MARY K. BERGHUIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO PROCEED
## TO THE MERITS OF HIS HABEAS PETITION
## AND GRANTING PETITIONER'S MOTION TO FILE A SUPPLEMENTAL BRIEF

Petitioner Jack Duane Hall filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for two counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, two counts of felonious assault, two counts of attempted murder, two counts of assault with intent to commit murder, one count of possession of a firearm during the commission of a felony, and one count of disarming a police officer. Petitioner alleges violations of his constitutional rights.[1] Respondent alleges in an answer to the habeas petition that Petitioner failed to specify any grounds for relief and that the claims he raised in state court lack merit, are not cognizable on habeas review, or are barred by the doctrine of procedural default. Currently pending before the Court are

---

[1] The specific grounds for relief set forth in the habeas petition allege: (1) ineffective assistance of appellate counsel; (2) unconstitutional search and seizure; (3) suggestive identification procedures; (4) prosecutorial misconduct; (5) denial of the right to a fair and impartial jury; (6) double jeopardy; (7) denial of the appeal of right; (8) denial of the constitutional right to call witnesses; (9) judicial abuse of discretion (denial of the right to present a defense); (10) ineffective assistance of trial counsel; and (11) actual innocence.

Petitioner's motions to file a supplemental brief in support of his habeas petition and Petitioner's motion to have the Court proceed to the merits of his claims.

I.

The motion to proceed to the merits of the habeas petition alleges that Respondent failed to comply with the Court's order to file a responsive pleading by July 25, 2007. To the extent that Petitioner is seeking a default judgment, his motion is denied, because Respondent is not in default.[2] Even if she were in default, a default judgment is not available in a habeas corpus proceeding on the ground that officials failed to timely respond to the petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Furthermore, although the Court expects to address Petitioner's habeas claims at a future time, the Court is unwilling to commit to adjudicating the merits of all the claims, given Respondent's argument that some of the claims are procedurally defaulted. For these reasons, the Court will deny Petitioner's motion to proceed to the merits of his claims.

II.

Petitioner's motion to supplement his habeas petition seeks permission to file a supplemental brief in support of the habeas petition. The proposed brief, which Petitioner submitted with his motion, addresses three state court opinions and also alleges ineffective assistance of counsel during *voir dire*.

Federal Rule of Civil Procedure 15(d) permits a party to supplement his pleading, and the rules governing habeas corpus cases permit the filing of "additional materials relating to the petition." *See* Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District

---

[2] Respondent filed a timely answer to the habeas petition on July 25, 2007, as required by the Court's Order for Responsive Pleading dated January 23, 2007.

Courts. Thus, to the extent that the proposed brief merely supplements arguments already made in the habeas petition, the Court will grant Petitioner's motion to file a supplemental brief.

III.

Accordingly, it is **ORDERED** that Petitioner's motion to proceed to the merits of his claims [dkt #7] is **DENIED**.

It is further **ORDERED** that Petitioner's motion to file a supplemental brief [dkt #6] is **GRANTED**, to the extent that Plaintiff does not raise any new, unexhausted, or time-barred claims.

**IT IS FURTHER ORDERED** that the Clerk of Court file Petitioner's supplemental brief, submitted to the Court on August 20, 2007.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 26, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS