UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACK HALL,

        Petitioner,

                                            Case Number: 07-10279
v.                                            Hon. Thomas L. Ludington

MARY BERGHUIS,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RE-ISSUANCE OF OPINION**

     On August 13, 2009, the Court entered an opinion and order denying Petitioner's petition for writ of habeas corpus, granting in part and denying in part a certificate of appealability and granting leave to proceed in forma pauperis on appeal [Dkt. #29]. An accompanying judgment was entered the same day [Dkt. #20]. Petitioner filed a notice of appeal on September 27, 2010 [Dkt. #21], and the United States Court of Appeals for the Sixth Circuit dismissed the appeal [Dkt. #23] on January 28, 2011. In its order, the Sixth Circuit noted that Petitioner's notice of appeal was filed a year late. Fed. R. App. P. 4(a) and 26(a). Moreover, Petitioner did not file a motion for an extension of time or a motion to reopen the appeal period in this Court, and the time for filing such motions had expired. Fed. R. App. P. 4(a)(5) and 4(a)(6).

     On March 29, 2011, Petitioner filed a motion for re-issuance [Dkt. #25] of the Court's August 13, 2009 judgment. Federal Rule of Appellate Procedure 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005). Under Federal Rule of Appellate Procedure 4(a)(6), the district court may reopen the time to file an appeal for a period

of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

In the instant case, Petitioner cannot satisfy the requirement pursuant to Rule 4(a)(6)(B) because his motion to reopen the time to file an appeal was not filed within 180 days after the August 13, 2009 judgment. A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001).

However, Petitioner contends that the relief he requests is appropriate under Federal Rule of Civil Procedure 60(b)(6). A federal district court has jurisdiction to entertain a motion for relief from judgment when a notice of appeal is untimely filed. *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993). A district court may therefore employ Rule 60(b) to permit an appeal outside the time constraints of Federal Rule of Appellate Procedure 4(a). *See id.* at 396. A motion for relief from judgment under Rule 60(b) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c). In determining a reasonable time the court must consider the particular facts of the case before it. *In re Abdur' Rahman*, 392 F.3d 174, 185 (6th Cir.2004), *vacated on other grounds by* 545 U.S. 1151, 125 S.Ct. 2991, 162 L.Ed.2d 909 (2005). Petitioner filed his Rule 60(b) motion a year and a half after the Court's original judgment and more than six months after receiving notice of the judgment.

However, Petitioner's motion has demonstrated good cause for the filing delay–that he did not receive notice of the Court's order until September 2010–and the Court concludes that his Rule 60(b) motion was filed within a reasonable time.

Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
>
> (6) any other reason justifying relief from the operation of the judgment.

*Id.* at 395.

Petitioner appears to contend that his not having actual knowledge that a judgment had been entered in the case constitutes exceptional circumstances justifying a relief from judgment under Rule 60(b)(6). Petitioner asserts that he did not receive notice of the Court's judgment either because the Court did not send him a copy of the judgment or the prison officials did not give him a copy of the judgment. Although courts have some discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by the public policy favoring finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in

exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.*; *see, e.g.*, *Weekley v. Jones*, 927 F.2d 382, 386 (8th Cir.1991) (extension of time for filing of notice of appeal could be granted to pro se prisoner who was on medication and who apparently still suffered from borderline mental retardation and paranoid schizophrenia); *Givens v. Housewright*, 612 F.Supp. 174,178 (D.Nev.1985) (extension of time to file appeal granted to habeas petitioner, in part because petitioner was required to turn to another inmate in prison yard to help him with his appeal and pressed other inmate to complete necessary work).

Petitioner alleges no "unusual and extreme" facts justifying reissuance of the Court's August 13, 2009 judgment, and the Court can find none on its own, given the Case Manager's certifications of service [Dkt. #19; Dkt. #20]; the absence of any "Returned as Undeliverable" mail in the case; and the lack of statements from either Petitioner or G. Robert Cotton Correction Facility officials explaining why Petitioner would not have received his mail.

Accordingly, Petitioner's motion for reissuance of the Court's August 13, 2009 judgment [Dkt. #25] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 29, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 29, 2011.

                                                s/Tracy A. Jacobs
                                                TRACY A. JACOBS