UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACK HALL,

        Petitioner,                               Case No. 07-cv-10279

v.                                                     Honorable Thomas L. Ludington

MARY BERGHUIS,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S RENEWED RULE 59 MOTION
AND DENYING CERTIFICATE OF APPEALABILITY**

On August 17, 2015, Petitioner Jack Hall filed a Rule 59 motion seeking to have this Court reissue its August 13, 2009 Judgment. ECF No. 42. It is Hall's fourth such motion. Hall's previous two motions were denied by this Court, the first denial was affirmed by the Sixth Circuit.

**I.**

On January 18, 2007, Petitioner commenced this action by filing a *pro se* application for the writ of habeas corpus, ECF No. 1, challenging his state convictions for criminal sexual conduct, felonious assault, attempted murder, assault with intent to commit murder, disarming a police officer, and possession of a firearm during the commission of a felony. On August 13, 2009, an opinion and order denying Petitioner's habeas corpus petition, granting in part and denying in part a certificate of appealability, and granting leave to proceed *in forma pauperis* on appeal was entered. ECF No. 19. On the same day, judgment was entered denying the petition. ECF No. 20. On September 27, 2010, Petitioner filed a notice of appeal, ECF No. 21, and on January 28, 2011, the United States Court of Appeals for the Sixth Circuit dismissed the appeal

because the notice of appeal was filed one year late. *See Hall v. Berghuis*, No. 10-2264 (6th Cir. Jan. 28, 2011); ECF No. 23. The Sixth Circuit observed that Petitioner not only did not file a timely appeal, but he also did not file a motion for an extension of time to appeal or a motion to reopen the appeal period. In addition, the time for filing such motions under Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6) had expired.[1]

On March 29, 2011, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b)(6) for reissuance of the Court's August 13, 2009 judgment, ECF No. 25, so that he could appeal the denial of his habeas corpus petition outside the time constraints of Federal Rule of Appellate Procedure 4(a). He asserted that he did not receive notice of the Court's judgment

---

[1] Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6) read:

(5) Motion for Extension of Time.

    (A) The district court may extend the time to file a notice of appeal if:

        (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

        (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

    (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

    (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

either because he was not sent a copy of the judgment or because prison officials did not give him a copy of the judgment. Petitioner's motion was denied, ECF No. 26, because no "unusual and extreme" facts justified reissuance of the Court's August 13, 2009 Judgment. Specific note was made of the Case Manager's certifications of service, ECF No. 19 & 20; the absence of any "Returned as Undeliverable" mail in the case; and the lack of statements from either Petitioner or prison officials explaining why Petitioner would not have received his mail. Accordingly, Petitioner's motion for reissuance of the Court's August 13, 2009 Judgment was denied. ECF No. 26.

Petitioner appealed the June 29, 2011 Order denying his motion for reissuance of the judgment, ECF No. 27, and a certificate of appealability was granted, ECF No. 30. On October 12, 2012, the Sixth Circuit affirmed the June 29, 2011 decision. The Sixth Circuit held that this Court lacked the authority to extend the time for filing an appeal because Petitioner filed his motion more than 180 days after the denial of his habeas corpus petition. *See Hall v. Scutt*, 482 F. App'x 990, 991 (6th Cir. 2012) (citing Fed. R. App. P. 4(a)(6)(B)). On October 7, 2013, the Supreme Court denied Petitioner's application for a writ of certiorari, *see Hall v. Scutt*, 134 S. Ct. 263 (2013), and on February 24, 2014, the Supreme Court denied Petitioner's motion for rehearing, *see Hall v. Scutt*, 134 S. Ct. 1367 (2014).

Hall returned to this Court on November 5, 2014 and filed a renewed motion under Rule 60(b)(6) seeking to file a Rule 59 motion. He alleged once again that he did not receive notice of the Court's dispositive opinion in this case until the end of August 2010 and that the reason for his untimely notice of appeal was that prison officials did not deliver his mail to him. He requested permission to file a motion to alter or amend the judgment under Rule 59. That motion was denied on June 8, 2015. ECF No. 37. The order denying Hall's motion explained that:

> [A]lthough Federal Rule of Appellate Procedure 4(a)(6) allows district courts to reopen the appeal period and extend the filing period under certain conditions, *Bowles v. Russell*, 551 U.S. 205, 207 (2007), "its essence is finality of judgment." *Tanner v. Yukins*, 776 F.3d 434, 440 (6th Cir. 2015) (quotation marks and citations omitted). And the Sixth Circuit has already determined that the time for filing a motion to reopen the appeal period has expired. *See Hall v. Berghuis*, No. 10-2264 (6th Cir. Jan. 28, 2011). The specificity of Rule 4(a)(6) "precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice." *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994); *accord Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000); *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999); *cf. Tanner v. Yukins*, 776 F.3d at 441 (stating that "Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late for reasons other than lack of notice"). Petitioner's motion will be denied.

June 8, 2015 Op. & Order 4, ECF No. 37.

Less than one month later Hall again moved for permission to file a Rule 59 motion. Pet.'s Mot. Pursuant to Rule 59, ECF No. 38. That motion was denied for the same reasons already explained to Hall by this Court and the Sixth Circuit. *See* July 28, 2015 Order, ECF No. 41. The order laid out the reasons why Hall could not obtain relief under Federal Rule of Civil Procedure 60(b)(6) in an effort to circumvent the requirements of Federal Rule of Appellate Procedure 4(a)(6). *Id*. Hall's motion was denied.

Undeterred, Hall has moved a fourth time for Rule 60(b)(6) relief.[1]

## II.

Hall argues in this newest motion that the Court erred in denying his motion under Federal Rule of Civil Procedure 59. *See* Pet.'s Mot., ECF No. 42. While the Sixth Circuit was correct, according to Hall, in concluding that the filing deadline in Federal Rule of Appellate Procedure 4(a) is jurisdictional, this Court erred in concluding that the same reasoning barred his relief under Federal Rule of Civil Procedure 59. *Id*. Hall moves the Court to "[g]rant

---

[1] Hall titles his motion as brought under Federal Rule of Civil Procedure 59 but such a motion would be out of time, as explained to Hall more than once. His motion is properly considered a motion under Rule 60(b)(6). See June 8, 2015 Order 3-4, ECF No. 37.

reconsideration of [his] entire pleadings with a clean slate and Grant any Relief necessary. Because clearly none of the actual issues presented in petitioner Hall's second 60(b)(6), motion was argued or decided in an earlier appeal." *Id*. at 13.

Ultimately, the relief Hall seeks is the same. He wants the Court to reissue its judgment so that he may appeal. The Court cannot do that. As the Sixth Circuit has stated "Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal and Rule 60(b) cannot be used to circumvent Rule 4(a)(6)'s requirements." *Hall v. Scutt*, 482 F. App'x 990, 991 (6th Cir. 2012) (citing *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005), *aff'd*, 551 U.S. 205 (2007)) (internal citations omitted). Even if reissuance of the judgment was warranted in this case, this Court could not order it because the Court "lack[s] the authority to extend the time for filing an appeal." *Id*.

Hall's recourse is not with this Court but with the Sixth Circuit. He is cautioned against filing any more motions seeking reissuance of the Court's August 13, 2009 Judgment unless it has been specifically and explicitly authorized by the Sixth Circuit. Further frivolous motions seeking such unjustified relief may result in Hall needing approval to file any more motions in his case.

### III.

A certificate of appealability is a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); *In Re Certificate of Appealability*, 106 F.3d

1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003 (quotation marks and citations omitted).

As explained to Hall on numerous occasions, because the Sixth Circuit has held that "Rule 60(b) cannot be used to circumvent Rule 4(a)(6)'s requirements" and that Rule 4(a)(6) requires that "a motion to reopen is filed within 180 days after the judgment is entered, or within fourteen days after the party receives notice, whichever is earlier", *see Hall v. Scutt*, 482 F. App'x 990 (6th Cir. 2012), a certificate of appealability will be denied.

**IV.**

Accordingly, it is **ORDERED** that Petitioner's renewed motion under Rule 60(b)(6), ECF No. 42, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

Dated: October 20, 2015                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2015.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager